# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALAN PRESTON PRINE </br> BOP Reg. # 12954-003, </br>    Petitioner, </br> </br> v. </br> </br> UNITED STATES OF AMERICA, </br>    Respondent. | ) </br> ) </br> ) </br> )   **CIVIL ACTION NO. 16-00218-CG** </br> ) </br> ) **CRIMINAL ACTION NO. 13-0013-CG-N** </br> ) </br> ) |

## REPORT AND RECOMMENDATIONS

Alan Preston Prine, a federal prisoner proceeding *pro se*, has filed a document dated May 4, 2016, and entitled "Defendant's Notice of Eligibility and Motion for Appointment of Counsel, pursuant to 18 USC § 3006A". (Doc. 95)[1]. By previous order, the Court denied Prine's motion for appointment of counsel and construed the "Notice of Eligibility" as a "Section 2255 petition raising a *Johnson* claim. (*See* Doc. 96). The Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 99)[2] has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.
[2] Prine was ordered to refile his § 2255 Motion on this Court's form, resulting in the instant operative petition (Doc. 99).

the United States District Courts. *See* S.D. Ala. GenLR 72(b); (case docket, 5/16/2016 electronic reference).

After conducting preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned entered an order setting deadlines for the Government to file a response to the motion, and for Prine to file a reply to the Government's response. (Doc. 102). The Government timely filed a Response to Prine's § 2255 motion (Doc. 103), and Prine has timely filed a Reply (Doc. 104). The § 2255 motion is now under submission.

Having reviewed the parties' submissions in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings, the undersigned finds that an evidentiary hearing is not warranted and that Prine's § 2255 motion (Doc. 99) is due be **DISMISSED with prejudice**. The undersigned further finds that Prine is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal.

## I.     Background

In January, 2013, Prine was indicted on one count of knowingly using the internet to attempt to persuade, induce, entice, and coerce an individual under the age of eighteen to engage in sexual activity in violation of 18 U.S.C. § 2422(b). (Doc. 1). On May 22, 2013, Prine was found guilty by a jury (Doc. 56) and was sentenced to 144 months in prison (Doc. 78). Prine filed a Notice of Appeal on November 1, 2013 (Doc. 80) and the appeals court affirmed his conviction on June 24, 2014 (Doc. 92). No further activity occurred in this criminal action until Prine filed the present § 2255 motion (Doc. 95) on May 13, 2016, and his subsequent § 2255 motion on this

2

Court's form on June 20, 2016. (Doc. 99). *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings.

## II. Analysis

### A. Claim for Relief

Prine's sole claim in the present § 2255 motion is that 18 U.S.C. § 2422(b) "has been arbitrarily imposed in violation of Due Process and is furthermore void for vagueness" (Doc. 99 at 4, emphasis removed) under the reasoning of the United States Supreme Court's decision in *Johnson v. United States*, —— U.S. ——, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which has been held to apply retroactively on collateral review. *Mays v. United States*, 817 F.3d 728, 737 (11th Cir. 2016) (per curiam); *Welch v. United States*, —— U.S. ——, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) which defines "violent felony" as a felony that "involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague. However, in the instant action there is no dispute that Prine was not sentenced under 18 U.S.C. § 924(e), the residual clause of the ACCA.[3] As a result, it is obvious that *Johnson* is not directly applicable to the present action.

---

[3] There is likewise no dispute that Prine was not sentenced as a career offender pursuant to the residual clause of the sentencing guidelines (U.S.S.G § 4B1.2). Nevertheless, since the filing of Petitioner's petition in the instant action, the Supreme Court has held that "[t]he Federal Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States,* No. 15-8544, 2017 WL 855781, at *6 (U.S. Mar. 6, 2017).

3

However, as a result of the clear lack of direct applicability of *Johnson*, Prine argues "that the '…residual clause…' in 18 U.S.C. § 2422(b) is also 'so standardless that it invites arbitrary enforcement.' Rendering the residual clause of 18 U.S.C. § 2422(b) just as unconstitutionally vague as the residual clause in 18 U.S.C. § 924(e)" (Doc. 99 at 4).

18 U.S.C. § 2422(b) states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

In his reply, Prine refers to the section of 18 U.S.C. § 2422(b) which states "any sexual activity for which any person can be charged with a criminal offense" as the "residual clause". (Doc. 104 at 2). However, unlike with the residual clause of the ACCA, § 2422(b) does not contain the phrase "violent felony" nor does it rely upon the definition of said term, which *Johnson* held was unconstitutional. As a result, the reasoning in *Johnson* is not directly applicable in the present action. Moreover, despite Prine's assertions to the contrary, the undersigned does not find the language of 18 U.S.C. § 2422(b) to be analogous to the residual clause of 18 U.S.C. § 924(e). Specifically, the phrase "any sexual activity for which any person can be charged with a criminal offense" found in § 2422(b) is not so similar to the phrase "involves conduct that presents a serious potential risk of physical injury to another" found in § 924(e) such that *Johnson* should be indirectly applied in the instant action. *See Michelleti v. United States*, 2016 WL 3964260, *5 (N.D. Miss.

4

July 20, 2016) (denying defendant's Johnson-based motion to vacate his § 2422(b) conviction, finding Johnson inapplicable because "§ 2422(b) does not contain a residual clause similar to the one invalidated in Johnson."); *United States v. Haynes*, 2016 WL 5868094, *1 (N.D. Fla. Sept. 9, 2016) (denying defendant's Johnson-based motion to vacate his § 2422(b) conviction because, "Defendant . . . did not receive a sentence enhancement under either the ACCA or the Career Offender Guideline. . . . Thus, *Johnson* had no direct effect on his sentence."). As a result, *Johnson* is inapplicable to the present § 2255 motion filed by Prine.

For these reasons, it plainly appears from the motion and the record that Prine is not entitled to relief. Thus, the undersigned finds that his § 2255 motion (Doc. 99) is due to be **DISMISSED with prejudice** under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

### B. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:

5

The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

The undersigned finds that reasonable jurists could not debate whether Prine's § 2255 motion to vacate should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, the undersigned finds that Prine should be **DENIED** a Certificate of Appealability as to the present § 2255 motion.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No.

3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

### C.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Having considered the issues raised as set forth above, the undersigned **RECOMMENDS** the Court certify that any appeal by Prine of the dismissal of his § 2255 motion (Docs. 99) would be without merit and therefore not taken in good faith.

### III.     Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that

7

Prine's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 99) be **DENIED** and **DISMISSED with prejudice**. It is further **RECOMMENDED** that the Court find Prine not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

### IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

8

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of May 2017.

                                          */s/ Katherine P. Nelson*
                                          **KATHERINE P. NELSON**
                                          **UNITED STATES MAGISTRATE JUDGE**